IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| THEODORE BRENT, | * |
| | * |
| *Plaintiff,* | * |
| | * |
| v. | * |
| | * |
| BMW OF NORTH AMERICA, LLC, | * |
| | * |
| *Defendant*. | * |
| | * |
| <u>Please Serve</u>: | * |
| C T Corporation System | * |
| 4701 Cox Rd Ste 285, Glen Allen, VA, | * |
| 23060 - 6808, USA | * |
| | * |

## COMPLAINT

Now into Court, through undersigned counsel, comes Plaintiff Theodore Brent and moves the Court for judgment against Defendant BMW of North America, LLC based on the following facts and law:

## JURISDICTION

1. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1332, as the Plaintiff is a citizen of Glen Bernie, Maryland, and the Defendant, BMW of North America, LLC is a corporation organized under the laws of New Jersey with a principal place of business located in Woodcliff Lake, New Jersey. The amount in controversy exceeds $75,000.00.

2. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S.C. §1331. Plaintiff Theodore Brent asserts a claim pursuant to the Magnusson-

Moss Warranty Act, 15 U.S. Code §§ 2301-2312.  The amount in controversy exceeds $50,000.00.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claims occurred. Venue in the Alexandria Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. On July 31, 2023, Plaintiff Theodore Brent, purchased a 2023 BMW 1760X, VIN WBY53EJ06PCN85683 with 15 miles on the odometer, from BMW of Alexandria, located in Alexandria, Virginia, an authorized warranty repair agent of Defendant BMW of North America, LLC. The total delivered price was $143,449.53. Included in this purchase price was a Bowers & Wilkins sound system which was an additional $4,800. Defendant BMW of North America, LLC provided a 4-year/50,000 mile warranty and an implied warranty of merchantability that the vehicle was fit for its intended purpose.

5. On August 2, 2023, Plaintiff went to BMW of Annapolis located in Annapolis, Maryland, seeking repair of the speakers. Since the date of purchase the speakers in the vehicle had gone out four separate times. When the vehicle was turned on, the sound in the speakers would play for some time, and then shut off.

6. On August 9, 2023, Plaintiff returned to BMW of Annapolis due to the repair of the sound system. The audio would cut in and out after receiving a software update.

7. On September 2, 2023, Plaintiff returned to BMW of Annapolis seeking repair of the sound system in the vehicle. The sound system would continue to shut off randomly while driving. The sound system is still not repaired after three repair attempts.

### COUNT ONE –

### MOTOR VEHICLE WARRANTY ENFORCEMENT ACT
### VIRGINIA CODE §59.1-207.9 ET SEQ. "*LEMON LAW*"

8. The allegations of paragraphs 1-7 are re-pled and incorporated herein by reference.

9. The Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act. (Hereinafter referred to as the "*Virginia Lemon Law*") Virginia Code §59.1-207.11. et seq, and has received due notice under the same statute.

10. The Virginia Lemon Law requires a manufacturer to "*make such repairs as are necessary to conform the vehicle to such warranty*" that are provided to the consumer.

11. Defendant BMW of North America, LLC has been unable to repair the Plaintiff's vehicle after a reasonable number of attempts. Specifically, Virginia Code §59.1-207.13(B)(3) provides that "*it shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer… The same nonconformity has been subject to repair three or more times by the manufacturer, its agent or its authorized dealers and the same nonconformity continues to exist,*" It is therefore presumed that the Plaintiff's vehicle has been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value and safety.

12. Plaintiff seeks to recover as damages the purchase price of his vehicle in the amount of $143,449.53 as well as all finance charges, all incidental costs, compensation in the amount of $10,000.00 for inconvenience and loss of use, or in the alternative a comparable replacement vehicle to the Plaintiff, reasonable attorney fees in the amount of $600.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, and court costs.  See, Virginia Code §59.1-207.14.

## COUNT TWO
## VIOLATION OF THE MAGNUSSON-MOSS ACT (15 U.S. CODE §2301)

13. The Plaintiff is a consumer as defined in U.S. Code §2301(3).  The Defendant is a supplier and warrantor as defined in 15 U.S. Code §2301(1).

14. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition written warranty and implied warranty as contained in 15 U.S. Code §2301 - (7) respectively.

15. The limited warranty has failed its essential purpose and the Defendant has violated the Act due its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code §2304(a)(1) and (4).

16. The Defendant has also breached its Implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists, and the Defendants inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used, 28 U.S. Code §2308, 2310(d).

WHEREFORE, Plaintiff Theodore Brent moves this Honorable Court to enter judgment in his favor against Defendant BMW of North America, LLC in the amount of $143,449.53 as well as all incidental costs, compensation in the amount of $10,000.00 for inconvenience and loss of use, interest payments, or in the alternative a comparable replacement vehicle acceptable to the Plaintiff, reasonable attorney fees in the amount of $600.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgment interest running from the date of the first attempt, post-judgment interest, court costs, and all other damages, equity and /or law may seem meet.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted

Theodore Brent

/s/ James B. Feinman

James B. Feinman, Esq. (VSB No. 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA  24505
(434) 846-7603 (phone)
(434) 846-0158 (fax)
jb@feinman.com